UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------X
NATALIA PIROGOVA,  :
 :
        Plaintiff,  : Case No._____
 :
  -against-  :
 : **COMPLAINT**
 :
PJSC NATIONAL BANK TRUST  :
 :
        Defendant.  :
 :
 :
------------------------------------------------------------------------------------X

Plaintiff, Natalia Pirogova, by and through her undersigned attorneys, as and for her complaint against defendant PJSC National Bank Trust ("Trust Bank"), alleges the following:

## NATURE OF THE ACTION

1. Plaintiff Natalia Pirogova brings this action for declaratory and injunctive relief against Trust Bank, which is 97.7% owned by the Central Bank of Russia, which is under blocking sanctions by the Government of the United States, for Russia's invasion of and continued aggression against Ukraine.

2. On April 15, 2021, after Russia's invasion of Ukraine, the President of the United States, Joseph R. Biden, Jr., pursuant to authority granted to him by the International Emergency Powers Act, 50 U.S.C. § 1701, *et seq*., signed Executive Order 14024, which imposed sanctions on Russia for various harmful foreign activities, including violating the territorial integrity of sovereign states. Executive Order 14024 is codified in 31 C.F.R. Part 587.

3. The sanctions which were imposed on Russia, pursuant to Executive Order 14024, are administered by the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC").

4. The implementing regulations for Executive Order 14024 are codified as the Russian Harmful Foreign Activities Sanctions Regulations, 31 C.F.R. Part 587, which are promulgated by OFAC.

5. Under Executive Order 14024, all U.S.-based "property and interests in property" of certain designated categories of Russian persons "are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in."

6. Importantly, On March 1, 2022, OFAC promulgated a final rule under which "[a]ll transactions prohibited pursuant to Executive Order (E.O.) 14024 of April 15, 2021 are prohibited." 31 C.F.R. § 587.201(a).

7. Critically, and directly relevant to this action, the final rule by OFAC prohibits the "[e]ntry into a settlement agreement or <u>the enforcement of any lien, judgment</u>, arbitral award, decree, or other <u>order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 587.20.</u> (Emphasis added). *See* 31 C.F.R. § 587.506(d).

8. Moreover, 31 C.F.R. § 587.202, provides as follows:

> <u>Any transfer after the effective date that is in violation of any provision of this part or of any regulation</u>, order, directive, ruling, instruction, or license issued pursuant to this part, and that involves any property or interest in property blocked pursuant to § 587.201, <u>is null and void and shall not be the basis for the assertion or recognition of any interest in or right</u>, remedy, power, or privilege with respect to such property or interest in property. (Emphasis added).

9. OFAC maintains a list of "Specially Designated Nationals [SDNs] and Blocked Persons." *See* Exec. Order No. 13,224 (2001), as amended by Exec. Order No. 13,886 (2019).

10. 31 C.F.R. § 515.306 (3) defines a specially Designated Nationals to include, among others, the following:

> Any partnership, association, corporation or other organization which on or since the 'effective date' has been owned or controlled directly or indirectly by the

2

Government or authorities exercising control over a designated foreign country or by any specially designated national.

11. Significantly, the blocking sanctions which apply to the Central Bank of Russia apply with equal force to Trust Bank, pursuant to 31 C.F.R. § 587.406, because Trust Bank is at least 50% owned by the Central Bank of Russia.

12. 31 C.F.R. § 587.406 provides as follows:

Persons whose property and interests in property are blocked pursuant to § 587.201 have an interest in all property and interests in property of an entity in which such persons directly or indirectly own, whether individually or <u>in the aggregate, a 50 percent or greater interest</u>. The property and interests in property of such an entity, therefore, are blocked, and such an entity is a person whose property and interests in property are blocked pursuant to § 587.201, regardless of whether the name of the entity is incorporated into OFAC's Specially Designated Nationals and Blocked Persons List (SDN List). (Emphasis added).

13. Nonetheless, Trust Bank in direct violation of Executive Order 14024, and the enforcement regulations of that order which have been promulgated by OFAC, is pursuing two separate legal actions in the Supreme Court of the State of New York, County of New York, to enforce a judgment in the amount of $43,663,096.81 (the "New York Judgment") on behalf of its parent company, the Central Bank of Russia against Ms. Pirogova.

14. The two legal actions are designated as *PJSC National Bank Trust v. Natalia Pirogova*, Supreme Court of the State of New York, County of New York, Index No. 656519/2020 (the "Recognition Action") and *PJSC National Bank Trust v. Natalia Pirogova, et. al.*, Supreme Court of the State of New York, County of New York, Index No. 656520/2020 (the "Fraudulent Conveyance Action").[1]

---

[1] In the Recognition Action, a New York Court recognized three supposed Russian judgments as a New York judgment and in the Fraudulent Conveyance Action, Trust Bank is seeking to enforce its New York judgment in violation of U.S. sanctions against the Central Bank of Russia.

15. Trust Bank, on behalf of the Central Bank of Russia, is represented, in apparent contravention to federal law, by Offit Kurman, P.A. ("Offit Kurman"), with offices at 590 Madison Avenue, 6th Floor, New York, New York 10022.

16. Trust Bank and Offit Kurman are well are aware that under 31 C.F.R. § 587.506(d), there can be no enforcement of the New York Judgment against Ms. Pirogova "through execution, garnishment, or other judicial process. . . ." on behalf of the Central Bank of Russia.

17. Notwithstanding, Trust Bank, in the Fraudulent Conveyance Action is seeking to use the judicial process to have assets belonging to Ms. Pirogova turned over to it on behalf of the Central Bank of Russia even though, under 31 C.F.R. § 587.202, any such transfer would be "null and void" and cannot "be the basis for the assertion or recognition of any interest in or right, remedy, power, or privilege with respect to such property or interest in property."

18. In the same vein, Trust Bank, on behalf of the Central Bank of Russia, is seeking in the Recognition Action to have Ms. Pirogova imprisoned unless she provides documents and information so that it can continue to enforce the New York Judgment in violation of federal law.

19. Thus, Trust Bank's continued litigation, on behalf of the Central Bank of Russia, of the Recognition Action and the Fraudulent Conveyance Action is an alleged fraud upon the New York courts and an abuse of process.

20. Accordingly, Ms. Pirogova is seeking a declaratory judgment that Executive Order 14024, and the regulations promulgated thereunder by OFAC preclude Trust Bank from seeking by "through execution, garnishment, or other judicial process" the transfer of blocked property on behalf of the Central Bank of Russia and to enjoin Trust Bank, its officers, agents, attorneys, including specifically Offit Kurman, and all those acting on its behalf from continuing to violate Executive Order 14024, and the regulations promulgated thereunder by OFAC.

## JURISDICTION AND VENUE

21.     This action arises under the U.S. Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq., and the implementing regulations for Executive Order 14024 which are codified as the Russian Harmful Foreign Activities Sanctions Regulations in 31 C.F.R. Part 587, and which are promulgated by OFA, the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1391(f), and 1602–1611, and the laws of the State of New York.

22.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States, under 28 U.S.C. § 1391(f), and 28 U.S.C. § 1603(b) because Trust Bank is presumptively, an "agency or instrumentality of a foreign state."

23.     Pursuant to 28 U.S.C. § 1605(a)(2), Trust Bank is not immune from the jurisdiction of this Court, because this action arises from (i) Trust Bank's commercial activity carried on in the United States; (ii) acts performed by Trust Bank in the United States, either directly or through alter egos, in connection with a commercial activity elsewhere; or (iii) acts performed by Trust Bank outside the United States, either directly or through alter egos, in connection with Trust Bank's activities elsewhere and that causes a direct effect in the United States.

24.     This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. Rule 65.

25.     Venue is proper in the Southern District of New York as this is the district in which the events giving rise to the Complaint occurred. *See* 28 U.S.C. §§ 1391(b)(2) and (f).

## THE PARTIES

26. Plaintiff, Natalia Pirogova, is at all relevant times a resident of the State of New York. Ms. Pirogova was formerly a resident of Russia.

27. Trust Bank is a Russian commercial bank with its principal place of business, upon information and belief, at Izvestkovy Lane 3, Moscow, 109004 Russian Federation. Trust Bank is 97.7% owned by the Central Bank of Russia.

28. Trust Bank is a foreign corporate entity wholly owned and controlled by the Russian State and is a putative instrumentality of the Russian State within the meaning of the FSIA.

## FACTUAL ALLEGATIONS

### I.  The Vidnovsky Judgments And The Bankruptcy Judgment

29. On or about November 23, 2020, Trust Bank made a motion for summary judgment in lieu of complaint seeking recognition, pursuant to New York Civil Practice Law and Rules ("CPLR") 5302, of three supposed Russian judgments.[2]

30. The first two supposed Russian judgments were issued by the Vidnovsky Court of Moscow against Ms. Pirogova in the amount, respectively, of $82,036,824.92 and $5,493,682.28 (hereafter the "Vidnovsky Judgments").

31. Trust Bank, on its motion for summary judgment, also sought recognition of claims that were supposedly included on June 30, 2016 by the Moscow Arbitrazh Court in the register of creditors' claims against Ms. Pirogova in her Russian involuntary bankruptcy proceeding.

---

[2] CPLR 5302(a) provides, in relevant part as follows:

> (a) Except as otherwise provided in subdivision (b) of this section, the provisions of this article apply to a foreign country judgment to the extent that such judgment:
>
> 1. grants or denies recovery of a sum of money; and
>
> 2. under the law of the foreign country where rendered, is final, conclusive and enforceable even though an appeal therefrom is pending or it is subject to appeal.

6

Those claims total approximately $4,468,941.00 and were referred to collectively as the "Bankruptcy Judgment."[3]

32. Trust Bank made the motion for summary judgment in lieu of complaint seeking recognition of the Vidnovsky Judgments and the Bankruptcy Judgment after the United States Bankruptcy Court for the Southern District of New York denied recognition, under Chapter 15 of the Bankruptcy Code, of the Russian involuntary bankruptcy proceeding against Ms. Pirogova.

33. In that Chapter 15 proceeding, the Vidnovsky Judgments and the Bankruptcy Judgment were listed as claims, and not as judgments, against Ms. Pirogova.

### A. The Chapter 15 Proceeding In The Bankruptcy Court

34. More specifically, on March 30, 2018, the Foreign Representative, Yuri Vladimirovich Rozhkov, filed a petition, entitled *In Re Natalia Pirogova*, Case No 18-10870, with the Bankruptcy Court for recognition of the Russian involuntary bankruptcy proceeding against Ms. Pirogova as a "foreign main proceeding" under Sections 1504 and 1515 of the Bankruptcy Code. Alternatively, the Foreign Representative sought recognition of the Russian Insolvency Proceeding as a foreign "nonmain proceeding." *See* 11 U.S.C. § 1502. (A copy of the recognition petition is annexed hereto as Exhibit "A").

### B. The Vidnovsky Judgments and the Bankruptcy Judgement In The Chapter 15 Proceeding And The Bankruptcy Court's Denial Of Recognition Of The Russian Insolvency Proceeding

35. On December 12, 2018, the Bankruptcy Court denied recognition of the Russian Insolvency Proceeding against Ms. Pirogova as either a "foreign main proceeding" or a "foreign

---

[3] There are numerous published articles which indicate that an involuntary bankruptcy proceeding is a common method used in Russia to steal assets.

7

nonmain proceeding." (A copy of the Bankruptcy's Court December 12, 2018 decision denying recognition of the Russian insolvency proceeding is annexed hereto as Exhibit "B").

36. Accordingly, on December 17, 2018, the Bankruptcy Court issued an order dismissing the Chapter 15 proceeding against Ms. Pirogova "with prejudice." (A copy of the Bankruptcy Court's December 17, 2018 decision dismissing the Chapter 15 proceeding is annexed hereto as Exhibit "C").

### C. The District Court Affirmed The Decision Of The Bankruptcy Court

37. In response, on December 26, 2018, the Foreign Representative filed an appeal of the Bankruptcy Court's decision and its dismissal order with the District Court.

38. On January 8, 2020, the District Court affirmed the Bankruptcy Court's dismissal of the Chapter 15 proceeding against Ms. Pirogova. (A copy of the January 8, 2020 decision of the District Court affirming the dismissal of the Chapter 15 proceeding is annexed hereto as Exhibit "D").

## II. The Commencement Of The Action For Recognition Of The Three Supposed Russian Judgments

39. Rather than appeal the District Court's Order to the Second Circuit, on November 23, 2020, Trust Bank, on behalf of the Central Bank of Russia, commenced the Recognition Action seeking, pursuant to CPLR 5302, recognition, as foreign judgments, the three claims that were presented to the Bankruptcy Court as claims in the Russian Insolvency Proceeding against Ms. Pirogova.[4]

---

[4] The purported assignment to Trust Bank, on behalf of the Central Bank of Russia, of the three supposed Russian judgments raises some troubling questions.

40. On November 1, 2021, the Supreme Court, New York County issued a decision and order recognizing the three supposed Russian Judgments. (A copy of the decision recognizing the three supposed Russian judgments is annexed hereto as Exhibit "E").

41. Subsequently, on May 21, 2022, despite objections by Ms. Pirogova, the Supreme Court, New York County entered a money judgment against her in the amount of $43,663,096.81, which included interest at "9% per annum from July 11, 2016 . . . ." (A copy of the money judgment is annexed hereto as Exhibit "F").

### III. Enforcement Proceedings By Trust Bank Of The Judgment Against Ms. Pirogova

42. After the Supreme Court, New York County recognized the three supposed Russian judgments as a New York judgment, Trust Bank, on behalf of the Central Bank of Russia, commenced enforcement proceedings of that judgment in the Recognition Action pursuant to Article 52 of the CPLR.

43. Separately, and before the three supposed Russian judgments were recognized by the Supreme Court, New York County, as a New York judgment, Trust Bank, on behalf of the Central Bank of Russia, commenced the Fraudulent Conveyance Action against Ms. Pirogova.

44. The purpose of the Fraudulent Conveyance Action is to obtain a court order directing that assets belonging to Ms. Pirogova should be turned over to Trust Bank, on behalf of the Central Bank of Russia, to satisfy the New York Judgment in the Recognition

Action.

### IV. Ms. Pirogova's Ownership of 49% Membership Interests In 175 Madison NP Holding And The Madison Condominium Building

45. Ms. Pirogova is the owner of 49% of the membership interests in 175 Madison NP Holdings LLC ("175 Madison Holdings"), a Delaware limited liability company.[5]

46. 175 Madison Holdings owns indirectly 40% of the membership interests in Madison 33 Owner, LLC, a Delaware limited liability company, which owns a certain real property located at 172-174 and 176 Madison Avenue, New York, New York as a mixed-use condominium building (the "Condominium Building").

47. As part of the enforcement by Trust Bank, on behalf of the Central Bank of Russia, of the New York Judgment which it obtained in the Recognition Action, it is attempting to obtain ownership in the Fraudulent Conveyance Action of Ms. Pirogova's 49% membership interests in 175 Madison Holdings and, thereby, gain an ownership interest in the Condominium Building, for the Central Bank of Russia.

48. To gain an ownership interest in the Condominium Building, Trust Bank, on behalf of the Central Bank of Russia, has made a motion in the Fraudulent Conveyance Action for a turnover of Ms. Pirogova's 49% membership interests in 175 Madison Holdings. (A copy of the notice of motion for a turnover of Ms. Pirogova's 49% membership interests in 175 Madison Holdings is annexed hereto as Exhibit "G").

49. In addition, in the Recognition Action Trust Bank, on behalf of the Central Bank of Russia, is seeking to imprison Ms. Pirogova if she does not provide documents and information so that it can enforce the New York Judgment which it obtained in the

---

[5] There is a separate ongoing litigation in the New York state courts concerning the other 51% of the membership interest in 175 Madison Holdings.

Recognition Action.

## V. The Invasion by Russia of Ukraine And The Imposition Of Sanctions Upon Russian Banks By The Government Of The United States

50. On April 15, 2021, the President of the United States, Joseph R. Biden, Jr., issued Executive Order 14024 entitled "Blocking Property With Respect To Specified Harmful Foreign Activities of the Government of the Russian Federation."

51. Executive Order 14024 imposes blocking sanctions for certain of Russia's activities by stating, in relevant part, as follows:

> All property and interest in property that are in the United States that hereafter come within the United States, or that are or hereafter come within possession or control of any United States person of the following persons are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in.

52. The implementing regulations for Executive Order 14024 are implemented by OFAC and are codified in 31 C.F.R. Part 587.

53. OFAC maintains a list of "Specially Designated Nationals [SDNs] and Blocked Persons." *See* Exec. Order No. 13,224 (2001), as amended by Exec. Order No. 13,886 (2019).

54. The blocking sanctions which OFAC has applied to Specially Designated Nationals [SDNs] and Blocked Persons applied to any entity which is at least 50% owned by the SDNs and the Blocked Persons.

55. In particular, 31 C.F.R. § 587.406, provides, in relevant part, as follows:

> Persons whose property and interests in property are blocked pursuant to § 587.201 have an interest in all property and interests in property of an entity in which such persons directly or indirectly own, whether individually or <u>in the aggregate, a 50 percent or greater interest</u>. The property and interests in property of such an entity, therefore, are blocked, and such an entity is a person whose property and interests in property are blocked pursuant to § 587.201, regardless

11

of whether the name of the entity is incorporated into OFAC's Specially Designated Nationals and Blocked Persons List (SDN List).

56. Upon information and belief, under Russian law, the Central Bank of Russia is required to transfer 75% of its profits to the federal budget of the Russian State.

57. Critically, on May 19, 2023 when the U.S. Treasury issued Directive 4 (as amended) under Executive Order 14024, the United States Government determined the following:

> . . . that <u>the Central Bank of the Russian Federation</u>, the National Wealth Fund of the Russian Federation, and the Ministry of Finance of the Russian Federation <u>are political subdivisions, agencies, or instrumentalities of the Government of the Russian Federation</u> . . . . (Emphasis added).

(A copy of the May 19, 2023 Directive 4 (as amended) under Executive Order 14024 is annexed hereto as Exhibit "G").

58. Accordingly, Directive 4 (as amended) under Executive Order 14024 prohibits "any transaction involving the Central Bank of the Russian Federation . . . including any transfer of assets to such entities. . . ."

59. Importantly, 31 C.F.R. § 587.506(d) provides, in relevant part, as follows:

> Entry into a settlement agreement or the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 587.201 is prohibited . . . .

60. Therefore, Trust Bank cannot enforce the judgment which it obtained in the Recognition Action against any of the assets of Ms. Pirogova, on behalf of the Central Bank of Russia.

61. As such, it would be a violation of federal law for the Supreme Court, New York County to issue a turnover order or any other orders that would be a lien, execution, or garnishment against any assets of Ms. Pirogova, including specifically her 49% membership interests in 175 Madison Holdings.

62. This is because 31 C.F.R. § 587.506(d) makes it clear that there can be no "judicial

process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 587.201. . . ."

63. Accordingly, any transfer of any assets of Ms. Pirogova to Trust Bank, on behalf of the Central Bank of Russia, or the use of any liens, executions or garnishment to effect any transfer of any assets of Ms. Pirogova will be, pursuant to 31 C.F.R. § 587.202, "null and void and shall not be the basis for the assertion or recognition of any interest in or right, remedy, power, or privilege with respect to such property or interest in property."

64. Trust Bank and Offit Kurman are well aware that their continued litigation of the Recognition Action and the Fraudulent Conveyance Action to enforce the New York Judgment, on behalf of the Central Bank of Russia, against Ms. Pirogova's assets and to seek to levy and execute against those assets and to obtain a turnover order of her assets are in violation of Executive Order 14024, and the regulations promulgated thereunder by OFAC.

65. Significantly, Offit Kurman knows full well that it is contrary to federal law for it to continue the litigation of the Recognition Action and the Fraudulent Conveyance Action and to collect any legal fees for the litigation of those two actions as provided for in 31 C.F.R. § 587.506(a)(1).

66. More specifically, 31 C.F.R. § 587.506(a)(1) provides, in relevant part, as follows:

> (a) The provision of the following legal services to or on behalf of persons whose property and interests in property are blocked pursuant to § 587.201 is authorized, provided that any <u>receipt of payment of professional fees and reimbursement of incurred expenses must be authorized pursuant to § 587.507, which authorizes certain payments for legal services from funds originating outside the United States</u>; via specific license; or otherwise pursuant to this part:
>
> (1) Provision of legal advice and counseling on the requirements of and compliance with the laws of the United States or any jurisdiction within the United States, <u>provided that such advice and counseling are not provided to facilitate transactions in violation of this part</u>;  (Emphasis added).

67. Thus, there is a question of fact as to whether Offit Kurman has the appropriate

13

license to be litigating the Recognition Action and the Fraudulent Conveyance Action for Trust Bank, on behalf of the Central Bank of Russia, and whether the legal fees, if any, which Offit Kurman has been paid for legal services in these two actions originated from a source or sources outside of the United States.[6]

68. Importantly, 22 U.S.C. § 8902, makes clear the policy of the United States towards Ukraine.

69. Specifically, 22 U.S.C. § 8902 (4), provides as follows:

> It is the policy of the United States-
>
> 4. <u>to use all appropriate economic elements of United States national power</u>, in coordination with United States allies, to protect the independence, sovereignty, and territorial and economic integrity of Ukraine; (Emphasis added).

70. Therefore, to allow Trust Bank to continue the litigation, on behalf of the Central Bank of Russia, of the Recognition Action and the Fraudulent Conveyance Action, would be a manifest violation of the established public policy of the United States towards Ukraine.

### **FIRST CAUSE OF ACTION**

71. Ms. Pirogova repeats and incorporates the above allegations as if set forth fully herein.

72. Trust Bank is well aware that the continued litigation of the Recognition Action and the Fraudulent Conveyance Action is a violation of the United States Constitution, specifically the Supremacy Clause, Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a),  31 C.F.R. § 587.406, 31 C.F.R. § 587.506(d), and constitutes an abuse of process under New York law.

---

[6] It may be necessary to conduct an audit of the legal fees, if any, which Offit Kurman has been paid to determine the source or sources of any such legal fees and whether the source or sources originated outside of the United States.

73. The Recognition Action and the Fraudulent Conveyance Action constitute regular issued process by Trust Bank, on behalf of the Central Bank of Russia; the continued litigation by Trust Bank of the Recognition Action and the Fraudulent Conveyance Action is intended to do harm to Ms. Pirogova without excuse or justification, and the use of the Recognition Action and the Fraudulent Conveyance Action by Trust Bank, on behalf of the Central Bank of Russia, is being used in a perverted manner to obtain a collateral objective, including the violation of the Supremacy Clause of the U. S. Constitution, Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a), 31 C.F.R. § 587.406, and 31 C.F.R. § 587.506(d), among other things.

74. This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Fed. R. Civ. P. Rule 57.

75. There is an actual, justiciable, and substantial controversy present and existing between Ms. Pirogova and Trust Bank concerning their rights and obligations under Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a), 31 C.F.R. § 587.406, and 31 C.F.R. § 587.506(d) and whether Trust Bank can continue the litigation of the Recognition Action and the Fraudulent Conveyance Action under Executive Order 14024 and the implementing regulations for Executive Order 14024 as promulgated by OFAC and are codified in 31 C.F.R. Part 587.

76. A judicial determination is necessary and required at this stage to adjudicate the parties' respective rights and obligations herein.

77. A declaratory judgment would serve the useful purpose of clarifying and settling the legal relations between the parties, finalizing the controversy, and offering relief from the

significant uncertainty that currently exists. The substantial controversy between the parties regarding these issues is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

78. Accordingly, Ms. Pirogova is entitled to declarations that:

    a. Under Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a),  31 C.F.R. § 587.406, and 31 C.F.R. § 587.506(d), Trust Bank cannot enforce the New York Judgment which it obtained in the Recognition Action against any of the assets of Ms. Pirogova, on behalf of the Central Bank of Russia, including specifically obtaining a turnover order of Ms. Pirogova's 49% membership interests in 175 Madison Holdings;

    b.  Under Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a),  31 C.F.R. § 587.406, and 31 C.F.R. § 587.506(d), Trust Bank cannot enforce the New York Judgment, on behalf of the Central Bank of Russia, against any of Ms. Pirogova's assets and to levy and execute against those assets and to obtain a turnover order in the Recognition Action of her assets, including specifically obtaining a turnover order of Ms. Pirogova's 49% membership interests in 175 Madison Holdings; and

    c. Under Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a),  31 C.F.R. § 587.406, and 31 C.F.R. § 587.506(d) Trust Bank cannot continue the litigation of the Recognition Action and the Fraudulent Conveyance Action in any state or federal court.

## SECOND CAUSE OF ACTION

80. Ms. Pirogova repeats and incorporates the above allegations as if set forth fully herein.

81. Trust Bank is well aware that the continued litigation of the Recognition Action and the Fraudulent Conveyance Action is a violation of the United States Constitution, specifically the Supremacy Clause, Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a),  31 C.F.R. § 587.406, 31 C.F.R. § 587.506(d), and constitutes a fraud on the New

York Courts.

82. Trust Bank by continuing the litigation of the Recognition Action and the Fraudulent Conveyance Action in violation of Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a), 31 C.F.R. § 587.406, 31 C.F.R. § 587.506(d), involves willful conduct that is deceitful and obstructionist and it so serious as to undermine the integrity of those judicial proceedings.

83. In continuing the litigation of the Recognition Action and the Fraudulent Conveyance Action in violation of Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a), 31 C.F.R. § 587.406, 31 C.F.R. § 587.506(d), Trust Bank has acted knowingly in an attempt to hinder the fair adjudication of the Recognition Action and the Fraudulent Conveyance Action and to undermine the blocking sanctions which the U.S. Government has imposed upon the Central Bank of Russia.

84. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. Rule 65 and, therefore, this Court should issue an order enjoining Trust Bank from continuing to violate Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a), 31 C.F.R. § 587.406, and 31 C.F.R. § 587.506(d) by continuing the litigation of the Recognition Action and the Fraudulent Conveyance Action and enjoin Trust Bank from continuing the litigation of the Recognition Action and the Fraudulent Conveyance Action and to otherwise seek to enforce the New York Judgment in any state or federal court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Pirogova respectfully requests that this Court enter judgment in her favor and against Trust Bank as follows:

A. The continued litigation by Trust Bank of the Recognition Action and the Fraudulent Conveyance Action is an abuse of process and a fraud upon the New York courts and declaring and determining that the continued litigation by Trust Bank of the Recognition Action and the Fraudulent Conveyance Action is in violation of Executive Order 14024, and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a),  31 C.F.R. § 587.406, and 31 C.F.R. § 587.506(d); that Trust Bank cannot enforce the New York Judgment which it obtained in the Recognition Action against any of the assets of Ms. Pirogova; and that Trust Bank, on behalf of the Central Bank of Russia, cannot seek to levy and execute against those assets and to obtain a turnover order in the Fraudulent Conveyance Action, including specifically obtaining a turnover order of Ms. Pirogova's 49% membership interests in 175 Madison Holdings;

B. Enjoining Trust Bank from continuing to violate Executive Order 14024 and the regulations promulgated thereunder by OFAC, including Directive 4 (as amended) under Executive Order 14024, 31 C.F.R. § 587.201(a),  31 C.F.R. § 587.406, and 31 C.F.R. § 587.506(d) by the continuing the litigation of the Recognition Action and Fraudulent Conveyance Action and

C. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 31, 2024

    Law Offices of Victor A. Worms

    By: _____
    Victor A. Worms
    48 Wall Street, Suite 1100
    New York, New York 10005
    (212) 374-9590

    *Attorneys for plaintiff Natalia Pirogova*